PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. SEGUNDO PACHECO, Defendant and Appellant.

No. 3785. Argued June 18, 1929.—Decided February 7, 1930.

R. *Martínez Nadal* and *Leopoldo Tormes*, for appellant.   R. A. *Gómez*, for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Segundo Pacheco was convicted of rape and sentenced to twelve years in the penitentiary.  The first six of the errors assigned by appellant raise the question of excessive and unfair participation by the trial judge in the examination of witnesses.  The *Fiscal* of this court agrees with counsel for appellant that the action so complained of was prejudicial to defendant, and recommends a reversal.

A careful reading of the record has convinced us that the district judge exceeded the bounds of propriety in the examination of a number of witnesses, including the defendant.

This conclusion has been reached with some reluctance. The interference by the court in the examination of witnesses was more than offset at times by a disposition on the part of counsel for defendant to badger the judge.  At such times our sympathy has been with the court rather than with counsel.  Any one of the incidents assigned as error, if standing alone, would not justify a reversal.

The information charged the commission of the offense by force and violence.  It also stated that the prosecutrix had been prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution.

On direct examination of the prosecuting witness there

was some mention of a revolver and of threats, but there was no definite indication that the prosecutrix had been thus prevented from offering resistance. On the contrary, her testimony tended to show that she resisted and that such resistance was overcome by force and violence.

On cross-examination, in the course of which there had been no reference at any threat made at the time of or immediately preceding the commission of the offense, the judge began to question the witness as to why she had submitted to the will of Pacheco. The answer several times repeated was in substance that she had resisted but had been overpowered. By persistent inquiry the court finally elicited a statement that the witness had submitted through fear, and then the further information that this fear had been inspired by threats made by Pacheco.

The instructions to the jury contained a vigorous presentation of this aspect of the case. The charge correctly stated the law, but the manner in which it was given, considered in connection with the incident last above mentioned and with the cumulative effect of the other matters complained of by appellant, including the cross-examination of the defendant by the court, makes it impossible to say that defendant had a fair and impartial trial.

In view of the conclusion reached by the *Fiscal*, and of his recommendation based upon the doctrine announced in a uniform line of our own decisions, we do not deem it necessary to set forth the details.

See *People* v. *Rodríguez*, 11 P.R.R. 225; *Butler* v. *Sorongo*, 28 P.R.R. 77; *People* v. *Acevedo*, 35 P.R.R. 886; *People* v. *Santos and Natalí*, 36 P.R.R. 345; and *People* v. *Tirado*, 38 P.R.R. 795.

The judgment appealed from must be reversed and the case remanded for a new trial.